## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED
Nov 20 2015, 7:36 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Scott H. Duerring
South Bend, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Larry D. Allen
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Davon Crenshaw,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

November 20, 2015

Court of Appeals Case No.
20A03-1504-CR-122

Appeal from the Elkhart Circuit Court

The Honorable Terry C. Shewmaker, Judge

Trial Court Cause No.
20C01-1311-FB-133

**Bailey, Judge.**

# Case Summary

[1] Davon Crenshaw ("Crenshaw") was convicted of Robbery,[1] Burglary,[2] and Conspiracy to Commit Burglary,[3] as Class B felonies, and Criminal Confinement, as a Class C felony.[4] On appeal, he challenges his conspiracy conviction and his aggregate fifty-three-year sentence. We affirm.

# Issues

[2] Crenshaw presents two issues for review:

    I.    Whether he was subjected to double jeopardy upon conviction of both Burglary and Conspiracy to Commit Burglary; and

    II.    Whether his sentence is inappropriate.

# Facts and Procedural History

[3] During the early morning hours of November 4, 2013, five masked men entered the Goshen, Indiana home of Cynthia Contreras ("Contreras"), where she lived with her husband, children, and grandchildren. One of the men entered the

---

[1] Ind. Code § 35-42-5-1. Indiana's Criminal Code was substantially revised, effective July 1, 2014. At all times, we refer to the version of the criminal statutes in effect at the time of Crenshaw's offenses.

[2] I.C. § 35-43-2-1.

[3] I.C. §§ 35-43-2-1, 35-41-5-2.

[4] I.C. § 35-42-3-3.

bedroom shared by Contreras and her eighteen-year-old daughter Brenda Fernandez ("Fernandez") and held a gun to Contreras's head. A second man pointed a gun at Fernandez. Both women were forced to get up and kneel at the foot of the bed as the intruders demanded gold and "dope." (Tr. at 82.) Contreras protested that they had neither.

[4] In another bedroom, Thaly Silvestre ("Silvestre") was awakened by two men shining flashlights in her bedroom. One of them aimed a gun at Silvestre's head. Silvestre began to struggle, and the men bound her hands and feet with a telephone cord. Silvestre, who was seven months pregnant, was marched into the other bedroom and forced to kneel beside Contreras and Fernandez.

[5] The men searched Contreras's bedroom, but the search yielded no valuables, and one of the men ordered Contreras to get her purse. She moved into the living room to get the purse, and was permitted to shut the door of the room where the children were sleeping. Contreras handed one of the men $350.00 in cash, and told him that her income was from disability payments and hers was the "wrong house" for "dope." (Tr. at 103.)

[6] When she was in her living room, Contreras saw that a man was disconnecting her X-Box. The men also took games, movies, and a medication that had been prescribed for Contreras. Before the group left, one of them stood over the kneeling women and threatened to come back and kill them if they called the police.

[7] The frightened women did not immediately summon police. However, after some time had passed, Contreras called her husband at work and he convinced her to call police. Fernandez told the police officers that she had recognized the voice of one of the men. This prompted an investigation that led to the arrest of Crenshaw and four others. Some items belonging to Contreras, including her X-Box, were recovered at a residence where some of the group had been staying.

[8] On February 2, 2015, Crenshaw and two co-defendants were brought to trial before a jury on Robbery, Burglary, Conspiracy, and Criminal Confinement charges, all as Class B felonies. The jury found Crenshaw guilty as charged. However, due to double jeopardy concerns, the trial court reduced the Criminal Confinement conviction from a Class B felony to a Class C felony. The trial court then imposed upon Crenshaw a fifteen-year sentence for each of the Class B felonies and an eight-year sentence for the Class C felony. All sentences were ordered to be served consecutively, providing for an aggregate sentence of fifty-three years. Crenshaw appeals.

# Discussion and Decision

## *Double Jeopardy*

[9] Crenshaw argues that his convictions for Burglary and Conspiracy to Commit Burglary arise from a single act and violate the double jeopardy provisions of the Indiana Constitution. The double jeopardy clause of the Indiana Constitution provides, "No person shall be put in jeopardy twice for the same

offense." Ind. Const. art. 1, § 14. Our Indiana Supreme Court has held that two or more offenses are the "same offense" in violation of Indiana's double jeopardy clause if, with respect to either the statutory elements of the challenged crimes or the actual evidence used to convict, the essential elements of one challenged offense also establish the essential elements of another challenged offense. *Richardson v. State*, 717 N.E.2d 32, 49 (Ind. 1999).

[10] Aside from the constitutional actual evidence test, our Indiana Supreme Court has identified five common law or statutory double jeopardy categories: (1) conviction and punishment for a crime which is a lesser-included offense of another crime for which the defendant has been convicted and punished, (2) conviction and punishment for a crime which consists of the very same act as another crime for which the defendant has been convicted and punished, (3) conviction and punishment for a crime which consists of the very same act as an element of another crime for which the defendant has been convicted and punished, (4) conviction and punishment for an enhancement of a crime where the enhancement is imposed for the very same behavior or harm as another crime for which the defendant has been convicted and punished, and (5) conviction and punishment for the crime of conspiracy where the overt act that constitutes an element of the conspiracy charge is the very same act as another crime for which the defendant has been convicted and punished. *Guyton v. State*, 771 N.E.2d 1141, 1143 (Ind. 2002).

[11] The fifth category is implicated here, and we look to whether the actual evidence to convict Crenshaw of burglary is distinct from the evidence of an

overt act performed in furtherance of the conspiracy to commit burglary. *See Coleman v. State*, 952 N.E.2d 377, 382 (Ind. Ct. App. 2011 (recognizing that "double jeopardy rules preclude a conviction for conspiracy and the underlying offense only when the same evidence is used to prove both the overt act committed in furtherance of the conspiracy and the commission of the underlying crime.")

[12] A person who breaks and enters the building or structure of another person, with intent to commit a felony or theft in it, commits burglary. I.C. § 35-43-2-1. Conspiracy to commit a felony consists of three elements that the State must prove beyond a reasonable doubt: intent to commit a felony, agreement with another to commit a felony, and an overt act performed by either. I.C. § 35-41-5-2; *Erkins v. State*, 13 N.E.3d 400, 407 (Ind. 2014). It is not necessary that the State present direct evidence of a formal express agreement. *Id.* "The agreement as well as the requisite guilty knowledge and intent may be inferred from circumstantial evidence alone, including overt acts of the parties in pursuance of the criminal act." *Id.* An accomplice has the same criminal liability as the principal. *Coleman*, 952 N.E.2d at 382.

[13] The State alleged in Count II that Crenshaw committed Burglary when he "did break and enter the dwelling of Fernandez, with intent to commit a felony therein[.]" (App. at 126.) Count IV alleged that Crenshaw committed Conspiracy to Commit Burglary when he agreed with other persons to commit Burglary and committed an overt act in furtherance of that conspiracy, specifically, masking his face. (App. at 126.)

[14] The State presented testimony that, the evening before Contreras's home was burglarized, Crenshaw was present at the apartment of Bree Bonse ("Bonse") when Armando Gonzalez stated that he needed money and "had a lick." (Tr. at 561.) Crenshaw responded that he "wasn't going" but that the group "could take" Matthew Allen ("Allen") and Montrail Williams. (Tr. at 562.) Some of the young men, including Crenshaw, were "passing around" guns. (Tr. at 571.) Crenshaw left, but returned to the apartment during the early morning hours of the next day. According to Allen's trial testimony, and the guilty plea hearing testimony of Antoine McDuffie ("McDuffie") (offered as an evidentiary exhibit at Crenshaw's trial), Crenshaw then participated in the burglary of Contreras's home. Some members of the group returned to Bonse's apartment with an X-Box that had a serial number matching that sold by a local store to Contreras. As for the overt act alleged – putting on a mask – Allen testified that he had been accompanied by Crenshaw and that Crenshaw and the others were masked. Contreras testified that she saw five men inside her home and all were masked.

[15] Crenshaw's commission of burglary is established by testimony from McDuffie, Allen, and a police officer to whom Crenshaw confessed that he had been the driver. His conspiracy conviction rests upon evidence of an agreement and the overt act in furtherance of that agreement, donning a mask. The State need not have shown that Crenshaw wore a mask to prove that he committed burglary. The separate convictions rest upon independent facts. Crenshaw has established no double jeopardy violation.

## *Sentence*

[16] Upon conviction of a Class B felony, Crenshaw faced a sentencing range of between six and twenty years, with ten years as the advisory term. I.C. § 35-50-2-5. Upon conviction of a Class C felony, he faced a sentencing range of between two and eight years, with four years as the advisory term. I.C. § 35-50-2-6. Crenshaw received sentences of five years above the advisory for each of his Class B felony convictions. He received a maximum sentence for his Class C felony conviction.

[17] In imposing this sentence, the trial court found the following circumstances to be aggravating: Crenshaw's juvenile history; his prior commission of a felony; his violation of probation; his high risk to re-offend; and the facts that there were multiple victims, one victim was pregnant, and several children were in the home. Crenshaw's young age (21) was found to be a mitigating circumstance.

[18] The authority granted to this Court by Article 7, § 6 of the Indiana Constitution permitting appellate review and revision of criminal sentences is implemented through Appellate Rule 7(B), which provides: "The Court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." In performing our review, we assess "the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case."

*Cardwell v. State*, 895 N.E.2d 1219, 1224 (Ind. 2008). The principal role of such review is to attempt to leaven the outliers. *Id.* at 1225. A defendant "'must persuade the appellate court that his or her sentence has met th[e] inappropriateness standard of review.'" *Anglemyer v. State*, 868 N.E.2d 482, 494 (Ind. 2007) (quoting *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006)).

[19] As to the nature of Crenshaw's offenses, he and his accomplices discussed a need for cash and three potential target residences, passed guns around, formed a plan, and obtained a vehicle. The five men, three of whom were armed with handguns, broke into a residence to demand gold and cash. They had donned masks to conceal their identities. Contreras's husband had just left for work, so the women and children were alone and vulnerable. The three women – one disabled, one seven months pregnant, and one only eighteen years old – were forced at gunpoint to leave their beds and kneel on the floor. Contreras was forced to hand over $350.00, her income from disability payments. The pregnant victim was tied up with telephone cord. All the women were threatened that the burglars knew their location and family members and would return and kill them if they called the police. There were several children in the residence when the women were robbed and terrorized. These facts do not militate toward a more lenient sentence.

[20] As for his character, Crenshaw had been adjudicated delinquent on six occasions. At age sixteen, he had been tried as an adult and convicted of Aggravated Battery, a Class B felony. He was on probation at the time of the

instant offenses. His history indicates an inability to benefit from rehabilitative efforts short of incarceration.

[21] Having reviewed the matter, we conclude that the trial court did not impose an inappropriate sentence under Appellate Rule 7(B), and the sentence does not warrant appellate revision. Accordingly, we decline to disturb the sentence imposed by the trial court.

# Conclusion

[22] Crenshaw's convictions for Burglary and Conspiracy to Commit Burglary do not violate double jeopardy principles. Crenshaw has not shown that his aggregate sentence of fifty-three years is inappropriate.

[23] Affirmed.

Mathias, J., concurs.

Baker, J., concurs with separate opinion.

| | |
|---|---|
| Davon Crenshaw, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | Court of Appeals Case No. <br> 20A03-1504-CR-122 |

**Baker, Judge, concurring.**

I fully concur with the majority opinion. I write separately to note that I question whether the act of donning a mask amounts to an overt act required to sustain a conspiracy conviction. This issue, however, relates to the sufficiency of the evidence supporting the conviction, and Crenshaw did not raise a sufficiency argument on appeal. I agree with the majority that there is neither a double jeopardy nor a sentencing error and that the trial court should be affirmed on the issues raised by Crenshaw.